UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VITALIANO HERNANDEZ GARCIA and OSCAR ARMANDO LEMUS MARTINEZ, on behalf of themselves and others similarly situated,

Plaintiff,

vs.

FOUR BROTHERS PIZZA, INC., D.F.B.P. INC., HFPB, INC., VELSPIR ENTERPRISES, INC., MFBP, INC., P.F.B.P. INC., C. & V. STEFANOPOULOS, INC., VFBP, INC., PETER STEFANOPOULOS, in his individual capacity, WILLIAM STEFANOPOULOS, in his individual capacity, GEORGE STEFANOPOULOS, in his individual capacity, CHRISTO STEFANOPOULOUS, in his individual capacity, JOHN STEFANOPOULOS, in his individual capacity, and CHRIS STEFANOPOULOS, in his individual capacity,

Defendants.

Case No. 7:13-CV- 1505 (VB)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**

---

**MCCARTER & ENGLISH LLP**
    185 Asylum Street
    CityPlace I
    Hartford, CT 06103
    Tel: 860-275-6700
    *Attorneys for Defendants*
*Four Brothers Pizza, Inc., D.F.B.P., Inc., HFBP, Inc., Velspir Enterprises, Inc., MFBP, Inc., P.F.B.P. Inc., C. & V. Stefanopoulos, Inc., VFBP, Inc., Peter Stefanopoulos, William Stefanopoulos, George Stefanopoulos, John Stefanopoulos and Chris Stefanopoulos*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

SUMMARY OF PLEADINGS AND RELEVANT TESTIMONY OF
      PLAINTIFFS ....................................................................................................................2

      I.      PLAINTIFFS' FLSA CLAIM SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR STANDING WITH RESPECT TO ANY CORPORATE DEFENDANT OTHER THAN FOUR BROTHERS PIZZA, INC. ........................9

      II.     EACH OF THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY TOO CANNOT BE AN EMPLOYER OF THE PLAINTIFFS AND/OR PLAINTIFFS LACK STANDING ...............................................................................12

      III.    PLAINTIFFS HAVE FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THAT ANY INDIVIDUAL CAN BE HELD LIABLE UNDER THE NYLL. ...............................................................144

CONCLUSION ..........................................................................................................................15

ME1 17182220v.2


# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arbaugh v. Y&H Corp.*,
 546 U.S. 500 (2006) ..................................................................................................9

*Cannon v. Douglas Elliman, LLC*,
 No. 06-CV-7092, 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007) ..........13

*Carver v. City of N.Y.*,
 621 F.3d 221 (2d Cir. 2010) ....................................................................................9

*Cavallaro v. UMass Mem. Health Care, Inc.*,
 NO. 09-40152-FDS, 2013 U.S. Dist. LEXIS 10880 (D. Mass. Jan. 28, 2013) ......13

*CNA v. United States*,
 535 F.3d 132 (3d Cir. 2008) ....................................................................................9

*Hammell v. Banue Paribas*,
 780 F.Supp. 196 (S.D.N.Y. 1991) .........................................................................14

*Henry v. Circus Circus Casinos, Inc.*,
 223 F.R.D. 541 (D. Nev. 2004) .............................................................................10

*Javier H. v. Garcia-Botello*,
 No. 02-C-523S, 2011 U.S. Dist. LEXIS 104039 (W.D.N.Y. Sept. 14, 2011) .......10

*Leber v. Berkley Vacation Resorts, Inc.*,
 No. 08-CV-01752-PMP-PAL, 2009 U.S. Dist. LEXIS 66928 (D. Nev. July 27, 2009) .........13

*Lewis v. Casey*,
 518 U.S. 343, 357 (1996) ........................................................................................9

*Li v. Renewable Energy Solutions, Inc.*,
 ON. 11-3589 (FLW), 2012 U.S. Dist. LEXIS 22312 (D.N.J. Feb. 22, 2012) .........9

*Lifrak v. N.Y. City Council*,
 389 F.Supp. 2d 500, 502 (S.D.N.Y. 2005) ..............................................................2

*Makarova v. U.S.*,
 201 F.3d 110 (2d Cir. 2000) ....................................................................................9

*Sampson v. Medisys Health Network*,
 No. CV10-1342 (SJF)(ARL), 2012 U.S. Dist. LEXIS 103012 (E.D.N.Y. Feb. 9, 2012) .......13

*White v. Classic Dining Acquisition Corp.*,
 No. 1:11-cv-712-JMS-MJD, 2012 U.S. Dist. LEXIS 52215 (S.D. Ind. Apr. 13, 2012)............9

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
 853 F. Supp. 2d 290 (E.D.N.Y. 2012) ...............................................................................12

**STATE CASES**

*In re Gerald R.M.*,
 785 N.Y.S. 2d 256 (N.Y. App. Div. 2004) .........................................................................14

*Recovery Racing v. Abate*,
 847 N.Y.S. 2d 904...............................................................................................................14

*Sasso v. Vachris*,
 482 N.Y.S. 2d 875 (N.Y. App. Div. 1984) .........................................................................14

*Stoganovic v. Dinolfo*,
 461 N.Y.S. 2d 121 (N.Y. App. Div. 1983) .........................................................................14

*Stoganovic v. Dinolfo*,
 462 N.E.2d 149 (1984)........................................................................................................14

**FEDERAL STATUTES**

28 U.S.C. § 1367(c) .........................................................................................................................11

**STATE STATUTES**

Labor Law § 190(3) ........................................................................................................................14

New York Business Corporation Law § 630 .................................................................................14

**RULES**

Rule 12(a)(4) of the Federal Rules of Civil Procedure ....................................................................1

Rule 12(b)(1) of the Federal Rules of Civil Procedure .......................................................1, 2, 9, 12

ME1 17182220v.2

**INTRODUCTION**

This motion is brought by all defendants in the action. Plaintiffs cannot establish an employment relationship with any of the defendants other than Four Brothers Pizza, Inc. under any theory, including a joint employer theory, and the Plaintiffs lack standing to bring suit against some or all Defendants.[1] A prior motion to dismiss the First Amended Complaint ("FAC") was brought on behalf of all defendants in June 2013. On November 19, 2013, the Court denied defendants' motion, permitting plaintiffs to amend and file a Second Amended Complaint ("SAC"). Because plaintiffs had attached the proposed SAC before receiving the Court's Memorandum Decision, however, they were directed to file a Third Amended Complaint ("TAC") in order to identify the John Doe plaintiffs by name. The TAC is the focus of the current motion to dismiss.

In the Court's November 19 Memorandum Decision, it held that the existence of "an employment relationship is a jurisdictional prerequisite to suit under the FLSA." (Mem. Decision at 10 (Doc. No. 81)) The Court nevertheless denied Defendants' motion to dismiss because it determined that the allegations in the proposed SAC, drawing all inferences in Plaintiffs' favor, supported a "reasonable inference of a joint-employer relationship." (*Id.* at 16)

Subsequent to the issuance of the Memorandum Decision, Defendants took the depositions of the two named plaintiffs, Vitaliano Hernandez Garcia (hereinafter "Hernandez") and Oscar Lemus Martinez (hereinafter "Lemus") as well as the single opt-in plaintiff, Guillermo Morales Costa (hereinafter "Morales"). The sworn testimony of all three plaintiffs demonstrates that they did not have an employment relationship with any of the defendants other than Four

---

[1] Four Brothers Pizza, Inc. only seeks to dismiss all or some of the Plaintiffs' claims under Rule 12(b)(1) for lack of standing. In accordance with Fed. R. Civ. P. R. 12(a)(4), if Defendants' motion to dismiss is denied, Defendants will serve their answer within 14 days of receipt of notice of this Court's decision. Defendants do not waive their right to answer the Third Amended Complaint or assert affirmative defenses.

1

Brothers Pizza, Inc. under any theory, including a joint employment theory. Based on Plaintiffs' sworn testimony, all Defendants move this honorable Court for an order dismissing them from this action in accordance with Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2]

## SUMMARY OF PLEADINGS AND RELEVANT TESTIMONY OF PLAINTIFFS

Throughout the TAC, Plaintiffs do nothing more than provide a mechanical recitation of legal standards for finding that they were employed by more than one entity, with no factual information to support their conclusory allegations. Of these conclusory allegations, the only allegations the Court previously found sufficient to state a plausible claim are summarized on pages 13 and 14 of the Memorandum Decision. (*See* Mem. Decision at 13-14 (Doc. No. 81)) Among the allegations that the Court cited were allegations suggesting that the defendant restaurants were a "unified operation" and that defendants together "collectively cooperate and coordinate operational control" over all of the restaurants "with respect to hiring and firing employees, establishing terms and conditions of employment and supervising and directing employees." (*Id* at 13) The Court further noted that "the Individual Defendants visit each Four Brothers location together every Tuesday, where they 'observe and supervise restaurant operations and their employees,'" and that meetings were held every morning at the Amenia location, where [the Individual Defendants] determined how they would allocate their labor force among the several locations," transporting employees from one location to another "based on changing labor needs." (*Id.* at 14) The Court found it important that the "Individual Defendants allegedly 'enjoyed equal power to act with respect to supervising, directing, hiring and firing, making decisions about workplace duties and hours and making decisions about pay of

---

[2] Defendants support their motion with the deposition testimony of Hernandez, Lemus and Morales, which is permissible given the basis of the motion being made. *Lifrak v. N.Y. City Council*, 389 F.Supp. 2d 500, 502 (S.D.N.Y. 2005) (in considering a motion to dismiss for lack of subject matter jurisdiction, the court is not limited to the complaint's allegations and may consider evidence outside the complaint).

2

Defendants' employees, regardless of the Four Brothers Pizza Inn restaurant at which they worked.'" (*Id.*)

Now that the plaintiffs' depositions have been taken, the allegations in the proposed SAC (and current TAC) have been proven to be false. As is set forth below in detail, there is no interrelationship between the restaurants with respect to hiring, firing, direction, supervision, pay policies or staffing, and no evidence sufficient to find that any of the individual defendants is an employer of any of the plaintiffs. No one is transported from one restaurant to another, and plaintiffs expressly disavow any relevant or current knowledge of how any of the restaurants, other than the Amenia location, were managed or staffed and/or how employees of any restaurant, other than the Amenia location, were scheduled or paid. Each of the deponents' testimony on these issues is described below.

### A. Victor Hernandez

Before he resigned his employment, Hernandez primarily worked for an entity that is not even named in the TAC and which is not a restaurant. Specifically, he worked on a full-time basis on a farm incorporated as George and William Stefanopoulos, Inc. as a farm laborer. (Hernandez Dep.[3] at 13:2-13, 16:13-19:25; Exhibit 2 to the Affidavit of Tiffany Hubbard submitted in support of this motion) He was responsible for caring for the animals and the property (Hernandez Dep. at 13:16-17) He worked 40.5 hours on the farm, and up to 24 hours per week at Amenia/Four Brothers Pizza, Inc. (Hernandez Dep. at 13:18-16:12, 16:16-19:25) He was paid a weekly salary of $575 per week. (Hernandez Dep. at 45:3-9, 46:4-10, 47:4-6)

For the past several years, Hernandez has only worked part-time at Four Brothers Pizza in Amenia. (Hernandez Dep. at 18:3-5, 19:12-25) He testified that Amenia was managed by Elias Hatzijannis, not any of the individual defendants. (Hernandez Dep. at 47:19-48:8)

---

[3] The Hernandez deposition transcripts are Exhibit 3 to the Hubbard Affidavit.

According to Hernandez, Mr. Hatzijannis assigned job duties to Hernandez when he worked, told him when he was not needed, and otherwise provided him with direction. (Hernandez Dep. at 47:19-48:8)

Hernandez claims that he worked in six other restaurants owned by Defendants during his entire tenure from 2003-2010: Dover Plains (D.F.P.B. Inc.), Millerton (MFBP, Inc.), Pleasant Valley (P.F.B.P. Inc.), Rhinebeck (C. & V. Stanopoulos, Inc.), Hillsdale (HFBP, Inc.) and Valatie (VFBP, Inc.). (Hernandez 53:20-54:13, 61:24-62:4, 64:20-65:7, 72:21-24, 75:13-16, 79:17-80:8) As set forth below, however, all such occasions occurred more than four years ago and were at best sporadic or occasional assignments, some of which had nothing to do with restaurant operations.

Hernandez claims that he worked at Dover Plains (D.F.B.P., Inc.) "eight years ago," and, when he did, it was "not often, only when they don't have enough people there." (Hernandez Dep. at 53:20 – 54:13) He does not know if Morales or Lemus ever worked in Dover Plains. (Hernandez Dep. at 56:2-9) He says he does not know any employees who worked there in the past four or more years, and he only concluded that Dover Plains employees work twelve hour shifts because the restaurant is open from 10:30-10:30. (Hernandez 53:15-19, 54:25-55:2, 56:12-60:1) The restaurant was managed by George Stefanopoulos, not Elias Hatzijannis. (Hernandez Dep. at 55:3-6)

Hernandez also claims that he worked at Millerton (MFBP, Inc.) when it first opened for two to three days. (Hernandez Dep. at 61:24-62:4) He does not know how long ago the restaurant opened, but he knows it was more than four years ago.[4] (Hernandez Dep. at 61:24-62:8) He testified that he does not know how much employees are paid or whether or not they receive pay checks for working at Millerton. (Hernandez Dep. 62:12-63:2) Someone by the

---

[4] It was in fact opened in 2005. (*See* Hubbard Aff. ¶ 2)

4

name of "Salvatore" is "in charge" of Millerton, not Elias Hatzijannis or George Stefanopoulos. (Hernandez 62:9-11)

Hernandez also claims that he worked at Pleasant Valley (P.F.B.P., Inc.) one summer more than four years ago. (Hernandez Dep. at 64:20-65:7) He does not know any employees who worked there in the past three years, does not know if employees in Pleasant Valley receive pay checks, does not know if they punch a time clock, and has surmised their work hours only by virtue of the restaurant's hours of operation. (Hernandez Dep. at 65:8-67:19) According to Hernandez, Pleasant Valley is managed by Andy. (Hernandez Dep. at 66:1-6)

Hernandez claims he worked at Rhinebeck (C.& V. Stefanopoulos, Inc.) more than eight years ago. (Hernandez Dep. at 72:21-24) He testified quite plainly, however, that he has "*no personal knowledge* about the hours that are being worked by employees in the Rhinebeck restaurant in the last three years" and has no relevant information about any employees or employment practices of Rhinebeck. (Hernandez Dep. at 73:12-74:12 (emphasis added)) He also testified that no other employees from Amenia ever worked with him in Rhinebeck and that the only other individual he knows that ever worked in Rhinebeck was someone named "Roberto," and that was more than six years ago. (Hernandez Dep. at 77:1-9) Rhinebeck is managed by Chris Stefanopoulos. (Hernandez Dep. at 73:3-5)

Hernandez claims he worked at Valatie (VFBP, Inc.) more than six years ago. (Hernandez Dep. at 75:13-16) The only other person he knows who also worked at both Amenia and Valatie was someone named "Rego," but that was more than six years ago. (Hernandez Dep. at 76:4-13) According to Hernandes, Valatie is managed by Nick Stefanopoulos. (Hernandez Dep. at 75:20-24)

Finally, Hernandez claims that he worked for two weeks at Hillsdale (HFPB, Inc.) "about nine years ago." (Hernandez Dep. at 79:17-23)  His sole responsibility at that time was painting. (Hernandez Dep. at 80:5-8)  He knows nothing about how it is managed, who it employs, who the manager is, or whether the restaurant even has a time clock.  (Hernandez Dep. at 80:16-24)  The only other person he knows who ever worked there while also working at another Four Brothers' restaurant was someone named "Roberto" and that was more than six years ago.  (Hernandez Dep. at 80:25-81:9)  He does not know who manages Hillsdale.  (Hernandez Dep. at 80:22-24)

Hernandez never worked at the restaurant in Mahopac, NY (Velspir Enterprises, Inc.), has no idea who owns or manages Mahopac, does not know any of the employees who work in Mahopac, and does not know of any employees from Amenia who have ever worked in Mahopac.  (Hernandez 69:13-70:1, 70:19-71:4)

Hernandez has no FLSA claims against any of the Defendants, and no personal knowledge or other relevant information to support the allegations in the TAC that employees of Amenia regularly worked at other restaurants or that employees in other restaurants were treated similarly to the employees in Amenia.  In fact, his testimony demonstrates that the allegation in the TAC that the individual defendants met each day to determine which restaurants Amenia employees would be sent to work in and then transported there depending on staffing needs is completely insupportable.  Indeed, Hernandez testified that he knew of no one in the past few years who had been sent from Amenia to another restaurant and that he had no idea what the individual defendants talked about when they met because *they were speaking Greek*.  (Hernandez Dep. at 100:17 – 101:15)  He also made clear that the affidavit that the Court

6

credited was drafted by his attorneys and contained inaccurate statements. (Hernandez 101:18-103:8)

### B.   Oscar Lemus

Lemus testified that he began working at Amenia on or about July 1, 2008. (Lemus Dep.[5] at 8:15-9:1) Lemus *never* worked at any restaurant other than Amenia and does not recall ever seeing anyone from any other restaurant working in Amenia with the exception of one isolated occasion. (Lemus Dep. at 20:5-21:8) Lemus also testified that he had no idea what the individual defendants discussed during meetings they had in Amenia because they were speaking Greek. (Lemus Dep. at 38:16-39:21) He also testified, like Hernandez, that he had never been to Mahopac and had no idea who owned it. In fact, he had never even heard of it. (Lemus Dep. at 40:11-16) Lemus also testified that he did not draft the Declaration supporting the Complaint. (Lemus Dep. at 46:8-25)

### C.   Guillermo Morales

Morales began working at Amenia in 2002. (Morales Dep.[6] at 6:6-11) Although he used to work occasionally in Hillsdale, Dover Plains and Millerton, since 2008 or 2009, he has *exclusively* worked in Amenia. (Morales 6:12-11:2, 13:14-17)

Like Hernandez and Lumas, Morales never went to Mahopac and had no personal knowledge about the policies or practices of Hillsdale, Valatie, or Rhinebeck. In fact, he confirmed that he could not "talk about" those restaurants. (Morales Dep. at 28:16-20) Morales also confirmed that the Declaration submitted in support of the Complaint contained inaccurate information. (Morales Dep. at 30:3-31:14)

---

[5] The Lemus Deposition Transcript excerpts are Exhibit 4 to the Hubbard Affidavit.
[6] The Morales Deposition Transcript excerpts are Exhibit 5 to the Hubbard Affidavit.

The TAC also contains allegations that are false and unfounded regarding the ownership interests of the individual defendants and or their involvement in the business operations of the several corporate defendants. In paragraphs 26-35 of the TAC, plaintiffs allege that each of the individual defendants exercised control over all aspects of the day-to-day functions of the corporate defendants and that they acted in each of the "Corporate Defendants' interest in relationship to their employees." As set forth above, plaintiffs have no personal knowledge or information to support these allegations. Additionally, as set forth in the affidavits submitted previously and again herewith, there is limited overlap in ownership among the corporate defendants. (*See* Hubbard Aff. Exs. 6 (Affidavit of Patricia Ackerman), 7 (Affidavit of Chris Stefanopoulos), and 8 (Affidavit of John Stefanopoulos)) For example, none of the individual defendants named in the TAC has any ownership interest in the Mahopac restaurant, and the restaurant is managed completely separately from the other corporate defendants. (*See id.*) The same is true for C. & V. Stefanopoulos, Inc. Chris Stefanopoulos is the only individual defendant with an ownership interest in C. & V. Stefanopoulos, Inc., and he owns no part of any of the other corporate entities. (*See* Hubbard Aff. Ex. 7 (Affidavit of Chris Stefanopoulos)) Finally, John Stefanopoulos does not own *any* part of *any* of the corporate defendants. (*See* Hubbard Aff. Ex. 8 (Affidavit of John Stefanopoulos))

Plaintiffs have no basis whatsoever for making the allegations in the TAC regarding corporate ownership and certainly have alleged no facts sufficient to establish that any of the individual, non-corporate defendants have taken any action sufficient to create an employment relationship with any of the plaintiffs.

I.

## PLAINTIFFS' FLSA CLAIM SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND/OR STANDING WITH RESPECT TO ANY CORPORATE DEFENDANT OTHER THAN FOUR BROTHERS PIZZA, INC.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The party invoking the court's jurisdiction has the burden to prove "by a preponderance of the evidence that subject matter jurisdiction exists." *Id.*

It is the law of this case, as set forth in the Memorandum Decision, that an employment relationship is a jurisdictional prerequisite to suit, and that the absence of an employment relationship deprives the court of subject matter jurisdiction. (Mem. Decision at 10 (Doc. No. 81), relying on *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); *Li v. Renewable Energy Solutions, Inc.*, Civ. No. 11-3589 (FLW), 2012 U.S. Dist. LEXIS 22312, at *17 (D.N.J. Feb. 22, 2012); *CNA v. United States*, 535 F.3d 132, 143 (3d Cir. 2008); and *White v. Classic Dining Acquisition Corp.*, No. 1:11-cv-712-JMS-MJD, 2012 U.S. Dist. LEXIS 52215, at *7 (S.D. Ind. Apr. 13, 2012) ("[T]he wording of [Section 216(b)] makes it clear that standing to pursue an action for employer liability is limited to employees only. . . . In other words, liability under the FLSA is predicated upon an employer-employee relationship.)

"That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must *allege and show that they personally have been injured.*" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (emphasis added). Applying this principle, in *Carver v. City of N.Y.*, 621 F.3d 221 (2d Cir. 2010), the Second Circuit held that the Plaintiff, a former public assistance recipient and subsequent lottery winner, lacked standing for

9

prospective relief because he could not "show a likelihood that he will be injured in the future." *Id.* at 228 (declining to reach the merits of the case and limiting claims to state and federal minimum wage claims seeking retrospective relief only). Accordingly, "at least one named plaintiff must have standing in his own right to assert a claim against *each named defendant* before he may purport to represent a class claim against that defendant." *Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541 (D. Nev. 2004) (emphasis added) (granting multiple corporate Defendants' motion to dismiss for lack of subject matter jurisdiction where Plaintiffs were only employed by one corporate Defendant); *see also Javier H. v. Garcia-Botello*, No. 02-C-523S, 2011 U.S. Dist. LEXIS 104039, at *12 (W.D.N.Y. Sept. 14, 2011) ("without a showing that Plaintiffs worked on the Grower Defendants farms, plaintiffs cannot establish standing," and even if they did work for the Defendants they failed to trace any injury to the Defendants' acts).

Here, Plaintiffs' allegations that they were employed under a joint employer theory is demonstrably insupportable. None of the Plaintiffs has any personal knowledge or information to support the allegations in the TAC that the Court relied upon in making its decision to deny defendants' prior motion to dismiss. In fact, there is no basis for the allegations that the Court found most significant, i.e., the allegation that the individual defendants met to determine staffing levels at each restaurant and transported employees on a regular basis to different restaurants depending upon the needs of each restaurant. For at least the last four to five years, not one of the plaintiffs worked anywhere but Amenia. They cannot identify employees from other restaurants and know nothing about the day-to-day operations of the other restaurants. They have no idea what the individual defendants discussed during any meeting because they always spoke in Greek. Indeed, based on the testimony of the three plaintiffs, it certainly appears that the allegations the Court found so compelling have been fabricated for the purpose

10

of making it appear that there was a significant interrelationship among employees at all of the restaurants when there was and is none.

Additionally, the Plaintiffs do not have standing to bring suit against some or all of the defendants. As his deposition testimony shows, Hernandez does not have an FLSA claim against any defendant because he has been paid any required compensation. His own testimony demonstrates that he was paid a net salary of $575 per week (or $622 if his portion of FICA/Medicare tax is considered). As a farm laborer, he was not eligible for overtime, and he admitted that he never worked overtime at Amenia. Thus, even if everything Hernandez says is true, he was paid more than enough to cover his hours worked at the farm and at the restaurant—two distinct employers from whom he receive two distinct payroll checks. If he worked 60 hours, his hourly rate was $10.37 if one considers that he would normally have to pay his own FICA/Medicare tax, and $9.58 if one does not. If he worked 64.5 hours, as he testified, his hourly rate was $9.64 if one considers that he would normally have to pay his own FICA/Medicare tax, and $8.91 if one does not. These figures do not even take into account the fact that Hernandez was provided lunch free of charge and paid for his lunch break and for any other time that he may have missed in a given week for other reasons.

Since Hernandez lacks standing to bring an FLSA claim on behalf of himself or others, this Court should dismiss his FLSA claim and decline to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c).

Lemus, the other named plaintiff, testified that he only worked in Amenia, that he could not identify employees from other restaurants, and that he knew nothing about the other restaurants. Morales, like Lemus, testified that he *exclusively* worked in Amenia since 2008 or 2009. He further testified that he has no knowledge about Mahopac, Hillsdale, Valatie or

11

Rhinebeck, and no information about any restaurant other than Amenia after 2008 or 2009. Accordingly, neither Lemus or Morales has standing to bring an FLSA claim on behalf of themselves or purported class members against any defendant except Four Brothers Pizza, Inc.

Each of the corporate defendants other than Four Brothers Pizza, Inc. should be dismissed from this action in accordance with this Court's Memorandum Decision and Rule 12(b)(1), and this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against these defendants.

## II.

### EACH OF THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY TOO CANNOT BE AN EMPLOYER OF THE PLAINTIFFS AND/OR PLAINTIFFS LACK STANDING

In *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290 (E.D.N.Y. 2012) *aff'd in relavant part by Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013), the court addressed the claims against individuals named in the complaint requiring that plaintiffs allege facts sufficient to demonstrate that each named individual "exercised sufficient control over plaintiffs to be considered their employer." *Id.* at 299. The court ruled that the president and CEO of the health system, whose responsibilities included "actively managing," making decisions regarding benefits for the staff and making decisions that concern defendants' operations and significant functions, including functions related to employment, human resources, training and payroll" . . . "fail[ed] to state a plausible claim that [he was] Plaintiffs' employer under the FLSA." *Id.* The court pointed out that the complaint was "void of any facts that [the president] ever had any direct contact" with Plaintiffs or that he had operational control over the entity actually employing them. *Id.*

Here, like *Wolman*, the TAC is completely conclusory and provides no factual information sufficient to show that any of the individual defendants had an employer/employee

12

relationship with any of the plaintiffs. Moreover, according to Hernandez, all of the restaurants are managed by distinct and different individuals. (Hernandez Dep. at 47:8-16, 62:9-11, 66:1-6, 67:12-68:5, 73:3-5, 75:20-24) Under these circumstances and given the conclusory nature of the allegations in the TAC with regard to the actions of the individual defendants, the TAC should be dismissed in its entirety as to them. *See also, Sampson v. Medisys Health Network*, No. CV10-1342 (SJF)(ARL), 2012 U.S. Dist. LEXIS 103012, at *15-16 (E.D.N.Y. Feb. 9, 2012) (recommending dismissal of nearly identical allegations as insufficient to show individual defendants were plaintiffs' employer); *Cavallaro v. UMass Mem. Health Care, Inc.*, No. 09-40152-FDS, 2013 U.S. Dist. LEXIS 10880, at *10 (D. Mass. Jan. 28, 2013) ("Inclusion of class allegations does not relieve a plaintiff of the requirement that she allege that she personally has suffered an injury, fairly traceable to the challenged action of the individual defendants."); *Cannon v. Douglas Elliman, LLC,* No. 06-CV-7092, 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007) (simply pleading joint venture is insufficient to establish employer/employee relationship); *Leber v. Berkley Vacation Resorts, Inc.*, No. 08-CV-01752-PMP-PAL, 2009 U.S. Dist. LEXIS 66928, at *16-17 (D. Nev. July 27, 2009) ("The fact that all Defendants conduct business in the same industry and utilize similar compensation schemes is insufficient to establish joint employer status.").

Additionally, for the reasons stated in Section I above, Hernandez lacks standing to bring an FLSA claim as to any of the defendants, and Lemus and Morales lack standing to bring an FLSA claim as to any of the defendants other than Four Brothers Pizza, Inc.

## III.

## PLAINTIFFS HAVE FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THAT ANY INDIVIDUAL CAN BE HELD LIABLE UNDER THE NYLL.

The Court of Appeals of New York has established that individual officers and agents of a corporation have no civil liability for violations of the New York Labor Law. *Stoganovic v. Dinolfo*, 462 N.E.2d 149 (1984). In *Stoganovic*, the court stated that the logical inference of omitting any provision for personal liability under the NYLL "is that the Legislature did not intend that a civil action against officers and agents of corporations for the recovery of wages should be implied." *Stoganovic v. Dinolfo,* 461 N.Y.S. 2d 121, 123 (N.Y. App. Div. 1983) (stating "[w]ere we to hold corporate officers personally liable for the unpaid wages of corporate employees, the officers could have unlimited liability."); *see also Sasso v. Vachris*, 482 N.Y.S. 2d 875, 881-82, (N.Y. App. Div. 1984) rev'd on other grounds, 66 N.Y.2d 28 (1985) (following *Stoganovic*); *Recovery Racing v. Abate*, 847 N.Y.S. 2d 904 N.Y. (Sup. Ct. 2007) (the same); *Hammell v. Banue Paribas*, 780 F.Supp. 196, 200-01 (S.D.N.Y. 1991). Under New York law, an individual officer and agent is individually liable only when the corporate employer is insolvent and the employee has met the prerequisites set forth in Section 630 of the New York Business Corporation Law – factors that Plaintiffs have not alleged to exist in this case. *See* N.Y. Bus. Corp. L. § 630.

Additionally, the plain language of the definition of employer under Labor Law Section 190(3) supports excluding the individual Defendants. That section defines employer as "any person, corporation, limited liability company, *or* association employing any individual in any occupation, industry, trade, business or service." N.Y. Lab. L. § 190(3) (emphasis added). The use of the disjunctive term "or" indicates the legislature was listing alternatives. *See, e.g., In re Gerald R.M.*, 785 N.Y.S. 2d 256, 258 (N.Y. App. Div. 2004) ("The word 'or' as used in a statute

14

is a disjunctive participle indicating an alternative and it often connects a series of words or propositions presenting a choice of either.") Therefore, a "person" can be an employer under Section 190(3) only as an alternative to a corporation, not in addition to it.

Under *Stoganovic*, no claim can be made against the individual Defendants as officers or agents of the corporate Defendants. Additionally, because the corporate Defendants are solvent, Section 630 of the Business Corporation Law does not apply. Accordingly, the NYLL claims against the individual Defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Third Amended Complaint in its entirety to the extent claims are brought against any Defendant other than Four Brothers Pizza, Inc. due to lack of subject matter jurisdiction (employer-employee relationship, and/or standing). Additionally, Defendants request that Hernandez's claims be dismissed in their entirety for lack of standing.

Dated: Hartford, Connecticut
       February 18, 2014

                                      Respectfully submitted,
                                      MCCARTER & ENGLISH, LLP

                                      By: */s/ Pamela J. Moore*
                                      Pamela J. Moore (pm1959)
                                      pmoore@mccarter.com
                                      Attorneys for Defendants
                                      185 Asylum St., CityPlace I
                                      Hartford, CT 06103
                                      Tel: 860-275-6714

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically this 18th day of February, 2014. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: __/s/_*Pamela J. Moore*_____
Pamela J. Moore (pm1959)

ME1 17182220v.2