UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VITALIANO HERNANDEZ GARCIA and OSCAR ARMANDO LEMUS MARTINEZ, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FOUR BROTHERS PIZZA, INC., D.F.B.P. INC., HFPB, INC., VELSPIR ENTERPRISES, INC., MFBP, INC., P.F.B.P. INC., C. & V. STEFANOPOULOS, INC., VFBP, INC., PETER STEFANOPOULOS, in his individual capacity, WILLIAM STEFANOPOULOS, in his individual capacity, GEORGE STEFANOPOULOS, in his individual capacity, CHRISTO STEFANOPOULOUS, in his individual capacity, JOHN STEFANOPOULOS, in his individual capacity, and CHRIS STEFANOPOULOS, in his individual capacity,<br><br>Defendants. | Case No. 7:13-CV- 1505 (VB) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

**McCARTER & ENGLISH LLP**
185 Asylum Street
CityPlace I
Hartford, CT 06103
Tel: 860-275-6700
*Attorneys for Defendants*
*Four Brothers Pizza, Inc., D.F.B.P., Inc., HFBP, Inc., Velspir Enterprises, Inc.,MFBP, Inc., P.F.B.P. Inc., C. & V. Stefanopoulos, Inc., VFBP, Inc., Peter Stefanopoulos, William Stefanopoulos, George Stefanopoulos, John Stefanopoulos and Chris Stefanopoulos*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

A.   Plaintiffs Mischaracterize Defendants' 12(b)(1) Motion as a Motion for Summary Judgment and Downplay the Significance of this Court's Order to Set Aside the Order to Proceed Anonymously.......................................................................................3

B.   Plaintiffs' Sworn Testimony Shows that the Allegations of the TAC Are False and That Plaintiffs Cannot Prove That Subject Matter Jurisdiction Exists. ...............................4

C.   Plaintiffs Cannot Establish the Carter or Zheng Factors to Show a Joint Employer Relationship, and the Cases Plaintiffs Cite Are Distinguishable. .......................................7

D.   Hernandez Was an Exempt Agricultural Employee, But Even if Hernandez Was a Non-Exempt Employee, His FLSA Claims are Moot Because He was Paid Minimum Wage and Overtime for All Hours Worked. ......................................................9

CONCLUSION..................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
   537 f.3d 132 (2d Cir. 2008) ...................................................................................................8

*Cannon v. Douglas Elliman, LLC,*
   No. 06-CV-7092, 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007) ..........................5

*Carter v. Dutchess Cmty. Coll.*,
   735 F.2d 8 (2d Cir. 1984)....................................................................................................2, 7

*Cavallaro v. UMass Mem. Health Care, Inc.*,
   No. 09-40152-FDS, 2013 U.S. Dist. LEXIS 10880, at *10 (D. Mass. Jan. 28, 2013) ..............8

*Doo Nam Yang v. ACBL Corp.*,
   427 F. Supp. 2d 327 (S.D.N.Y. 2005).....................................................................................8

*Henry v. Circus Circus Casinos, Inc.*,
   223 F.R.D. 541 (D. Nev. 2004)...............................................................................................8

*Javier H. v. Garcia Botello*,
   No. 02-C-523S, 2011 U.S. Dist. LEXIS 10439 (W.D.N.Y. Sept. 14, 2011)........................8,9

*Lifrak v. N.Y. City Council*,
   389 F. Supp. 2d 500 (S.D.N.Y. 2005).....................................................................................3

*Lundy v. Catholic Health Sys. of L.I., Inc.*,
   711 F.3d 106 (2d Cir. 2013)................................................................................................5, 7

*Makarova v. U.S.*,
   201 F.3d 110 (2d Cir. 2000)....................................................................................................4

*Sampson v. Medisys Health Network*
   , No. CV10-1342 (SJF)(ARL), 2012 U.S. Dist. LEXIS 103012 (E.D.N.Y. Feb. 9,
   2012) ...................................................................................................................................7, 9

*Wolman v. Catholic Health Sys. of L.I., Inc.,*
   853 F. Supp. 2d 290 (E.D.N.Y. 2012) ..........................................................................5, 7, 8

**FEDERAL STATUTES**

29 U.S.C. § 213(a)(6)......................................................................................................................9

**R**ULES

Fed. R. Civ. P. R. 12(d)..................................................................................................................3

Fed. R. Civ. P. R. 12(b)(1)....................................................................................................2, 3, 4

Defendants Four Brothers Pizza, Inc., D.F.B.P. Inc., HFBP, Inc., Velspir Enterprises, Inc., MFBP, Inc., P.F.B.P. Inc., C. &. V. Stefanopoulos, Inc., VFBP, Inc., Peter Stefanopoulos, William Stefanopoulos, John Stefanopoulos, and Chris Stefanopoulos submit this Reply Memorandum in Further Support of Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint, and respond to Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint ("Opposition").

Plaintiffs' Opposition confirms that they cannot meet their burden to prove that this Court has subject matter jurisdiction over Plaintiffs' claims.  The Plaintiffs' sworn testimony demonstrates that Plaintiffs' Third Amended Complaint ("TAC") and Plaintiffs' Declarations are materially false or misleading.  More importantly, Plaintiffs' sworn deposition testimony shows that they did not have an employment relationship with any Defendant other than Four Brothers Pizza, Inc..  Their testimony further shows that Hernandez's FLSA claims are moot because he was an exempt agricultural worker, but even if he were found to be non-exempt, he was paid in accordance with applicable law.

If Plaintiffs' counsel had done any due diligence before filing the first complaint or the subsequent complaints, they would have discovered the absence of factual support for the pleadings.  Yet, even now when the sworn testimony of the individuals they represent contradicts critical allegations in the TAC, Plaintiffs' counsel suggests that this Court should turn a blind eye to those facts and simply move forward with discovery.  To allow Plaintiffs' claims to proceed as they suggest would encourage the unfettered filing of fabricated complaints and turn due process on its head.  If Plaintiffs cannot establish that they have an employment relationship with each of the Defendants, the claims against those Defendants must be dismissed.  The law does not permit discovery to ensue before this threshold determination has been made—which is why evidence

outside the four corners of the pleadings may be considered when a motion is made pursuant to 12(b)(1) and why this Court permitted the pre-certification discovery Defendant's requested.

Defendant's Motion to Dismiss should be granted for the following reasons, which are set forth more fully below and in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint:

1. Defendants' Motion is brought under Rule 12(b)(1) for lack of subject matter jurisdiction. Defendants use of extrinsic evidence to show the lack of an employment relationship with any of the defendants except Four Brothers Pizza, Inc., is appropriate.

2. Defendants' Motion is not identical to their Motion to Dismiss Plaintiffs' First Amended Complaint, which was filed on June 3, 2013. On November 19, 2013, several months after that motion was filed, this Court set aside the Order to Proceed Anonymously. Defendants, therefore, are able to demonstrate specifically that the named Plaintiffs lack an employment relationship with any of the defendants except Four Brothers Pizza, Inc. This Court also granted Defendants' request for precertification discovery to determine if the evidence supported a finding that subject matter jurisdiction existed as noted below. Plaintiffs' own testimony shows that Plaintiffs cannot satisfy the Second Circuit's *Carter* or *Zheng* factors to establish an employment relationship with any of the Defendants except Four Brothers Pizza, Inc. Absent such an employment relationship, this Court does not have subject matter jurisdiction.

3. Hernandez's FLSA claim as to all Defendants is moot. Based on his own testimony and giving him the benefit of the doubt on all legal issues, he was paid more than minimum wage for all hours worked, and one and one-half times his regular rate of pay for all hours worked over 40 hours. Absent a cognizable claim, Hernandez lacks standing to bring suit.

A.  **Plaintiffs Mischaracterize Defendants' 12(b)(1) Motion as a Motion for Summary Judgment and Downplay the Significance of this Court's Order to Set Aside the Order to Proceed Anonymously.**

Plaintiffs' attempt to characterize Defendants' Motion as one for summary judgment and argue that consideration of facts outside the pleadings is improper, is off the mark. Contrary to Plaintiffs' position, Rule 12(d) of the Federal Rules of Civil Procedure does not even apply to motions brought under Rule 12(b)(1). *See* Fed. R. Civ. P. R. 12(d). More importantly, the Court has already ruled that an employment relationship is a jurisdictional prerequisite to suit, and absent such a relationship this Court is deprived of subject matter jurisdiction. (Mem. Decision at 10 and cases cited therein (Doc. No. 81)) In reviewing such a motion, this Court may rely upon factual evidence outside the pleadings to determine whether it has subject matter jurisdiction without converting the motion to a motion for summary judgment.[1] *Lifrak v. N.Y. City Council*, 389 F. Supp. 2d 500, 502 (S.D.N.Y. 2005).

Although Plaintiffs acknowledge that this Court set aside the Order to Proceed Anonymously *after* Defendants' filed their Motion to Dismiss Plaintiffs' First Amended Complaint ("First Motion"), they argue that "the only thing that has changed since this Court issued its Memorandum Decision" is that Defendants deposed the Plaintiffs. (*See* Pls. Opp. at 1 (emphasis in original)) This ignores the significance of the fact that when Defendants prepared their motion to dismiss the First Amended Complaint they did not know who sued them because of the Order to Proceed Anonymously.

Now that Defendants know who the Plaintiffs are, Defendants are able to provide specific factual information concerning Plaintiffs' employment relationship with Four Brothers Pizza, Inc. (and William & George Stefanopoulos, Inc. in the case of Hernandez), and the lack of an

---

[1] For purposes of this Motion, Defendants have accepted Plaintiffs' deposition testimony as true.

3

employment relationship with the other Defendants. Defendants are also able to show that Hernandez's claims against all Defendants are moot. This Court's consideration of Plaintiffs' deposition testimony in determining whether it has subject matter jurisdiction over Plaintiffs' claims is proper.[2]

**B.      Plaintiffs' Sworn Testimony Shows that the Allegations of the TAC Are False and That Plaintiffs Cannot Prove That Subject Matter Jurisdiction Exists.**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The burden to prove "by a preponderance of the evidence that subject matter jurisdiction exists" is on the Plaintiffs. *Id.* at 113. They have not done so because they cannot. Plaintiffs' own sworn deposition testimony proves that the allegations in the TAC are false. (*See* Defs. Mot. at 2-8 (Doc. No. 98))

As set forth in Defendants' Motion, Plaintiffs cannot show that an employment relationship with any Defendant other than Four Brothers Pizza, Inc existed.

Plaintiffs own deposition testimony shows that Four Brothers Pizza, Inc. was the only defendant that employed Plaintiffs, and that they do not have ***any personal knowledge*** or information to support the allegations in the TAC that this Court relied upon in making its decision to deny Defendants' prior motion to dismiss. (*See* Defs. Mot. at 2-8) Plaintiffs know nothing about the day-to-day operations of the other restaurants and only make vague references that the individual defendants supervised them on some unspecified occasions. (*Id.*) Plaintiffs' testimony also shows that they did not know what the individual Defendants discussed during their alleged daily "meetings" in Amenia because the discussions were in Greek. (*See*

---

[2] It is worth noting that at no time did the parties agree to limit the scope of Plaintiffs' depositions. Indeed, Plaintiffs' counsel stated on the record that Plaintiffs' depositions would count towards the Defendants' seven hour deposition limit. (Feeney Decl. Ex. 1 at 5:14-16 (Doc. No. 108-1))

Hernandez Dep. at 100:17-101:15; Lemus Dep. at 38:16-39:25)[3] Hernandez and Morales also testified that they had no knowledge of the policies in place at the other defendant restaurants, and that they worked predominantly for and were at all times paid by Four Brothers Pizza, Inc. (Defs. Mot. at 3-8; Hernandez Dep. at 55:10-12; Morales Dep. 24:11-16)

Significantly, Plaintiffs' Opposition does not refute this. Rather, Plaintiffs argue that this Court should ignore Plaintiffs' testimony and only considered the allegations in the TAC. (Pls. Opp. at 1-2, 9, 11, 14) To support their reliance on the insupportable allegations in the TAC Plaintiffs cherry-pick snippets from their deposition testimony to give the ***false impression*** that their testimony is in accord with the TAC.[4] Although examples of these misrepresentations abound in the Opposition, the following are provided for illustration:

1. **Hernandez worked seventy-two hours per week. (Pls.Opp. at 4):**

At his deposition, Hernandez detailed his daily work schedule and meal breaks. He testified that he worked ***part time*** at Four Brothers Pizza Inc. He further testified that his primary job was working 40.5 hours on an independently run and incorporated farm. (*See* Defs. Mot. at 3; Hernandez Dep. at 13:18-16:12, 16:16-19:25)

2. **Hernandez worked in Hillsdale, Dover Plains, Valatie, Pleasant Valley and Rhinebeck. (Pls. Opp. at 4):**

---

[3] The deposition excerpts are Exhibits 3 -5 of the Affidavit of Tiffany R. Hubbard submitted in support of Defendants' Motion (Doc. No. 99)

[4] Similarly, Plaintiffs' reliance on screenshots from the corporate defendants' website is also of limited value. *See Wolman v. Catholic Health Sys. of L.I., Inc.,* 853 F. Supp. 2d 290, 296-98 (E.D.N.Y. 2012) aff'd in relevant part by *Lundy v. Catholic Health Sys. of L.I., Inc.,* 711 F.3d 106 (2d Cir. 2013) (holding that generalized allegations concerning, among other things, a common website, system-wide and centralized policies and practices were insufficient to establish the required employment relationship); *see also Cannon v. Douglas Elliman, LLC,* No. 06-CV-7092, 2007 U.S. Dist. LEXIS 91139 (S.D.N.Y. Dec. 10, 2007) (simply pleading joint venture is insufficient to establish employment relationship). The employment application cited by Plaintiffs does not show that employees were not routinely transported to different restaurant. It only asked if they would be willing to ***relocate***. (*See* Ex. 6 to Feeney Decl. (Doc. No. 109))

Plaintiffs omit the very significant fact that Hernandez testified that the alleged *occasional* work at other restaurants took place more than four years ago.  They also omit the testimony that work in other restaurants was extremely limited (a handful of times in a multi-year period) and that, some of the work in issue had nothing to do with restaurant operations. (*See* Defs. Mot. at 4; Hernandez Dep. at 53:20-54:13, 61:24-62:4, 64:20-65, 72:21-24, 75:13-16, 79:17-80:8)

> 3. **Hernandez and Lemus testified that Peter Stefanopoulos, George Stefanopoulos, William Stefanopoulos, and John Stefanopoulos or Chris Stefanopoulos would meet daily in Amenia. (Pls. Opp. at 4, 7):**

Notably, the deposition testimony of the Plaintiffs is inconsistent on this allegation. Additionally, none of the testimony cited supports the very detailed allegations in the TAC suggesting that these meetings were of any significance, and Plaintiffs omit the fact that the Stefanopoulos defendants were speaking in *Greek* and the Plaintiffs did not even understand what was being said at these meetings.  (*See* Defs. Mot. at 6-7; Hernandez Dep. 100:17-101:15; Lemus Dep. at 38:16-39:21)  Joint employment cannot be established simply by demonstrating that representatives from two distinct businesses or members of an extended family had coffee together on a regular basis.

> 4. **Hernandez knew employees who primarily worked in Amenia that also worked in Dover Plains and Rhinebeck. (Pls. Opp. at 4-5):**

Plaintiffs omit that a) the number of the alleged employees was negligible and b) that these alleged occurrences took place more than six years ago. (*See* Defs. Mot. at 5)

> 5. **Morales worked in Hillsdale, Dover and Millerton in addition to Amenia. (Pls. Opp. at 6):**

Plaintiffs again omit the fact that Morales testified that all of these alleged occurrences, of which there were only a few, took place more than four years ago. (*See* Defs. Mot. at 7-8)

6

Having failed to set forth evidence sufficient to show that this Court has subject matter jurisdiction, Plaintiffs cannot now suggest that they would benefit from "further comprehensive discovery" and request that this Court "not go beyond the four corners of the TAC." (Pls. Opp. at 14 n. 7)  Plaintiffs should be in the best position to prove that they are employees of the Defendants, but as their deposition testimony shows, they cannot do so.  Defendants' Motion should be granted.

**C.      Plaintiffs Cannot Establish the *Carter* or *Zheng* Factors to Show a Joint Employer Relationship, and the Cases Plaintiffs Cite Are Distinguishable.**

Plaintiffs argument that Defendants' Motion does not apply the *Carter* or *Zheng* factors is disingenuous.  While Defendants Motion does not explicitly set forth the *Carter* or *Zheng* factors, Plaintiffs ignore the Second Circuit case law cited in Defendants' Motion that apply the *Zheng* test.  *See*, *e.g.*, *Wolman v. Catholic Health Sys. of L.I., Inc.,* 853 F. Supp. 2d 290, 296-98 (E.D.N.Y. 2012) aff'd in relevant part by *Lundy v. Catholic Health Sys. of L.I., Inc.,* 711 F.3d 106 (2d Cir. 2013); *see also Sampson v. Medisys Health Network ,* No. CV10-1342 (SJF)(ARL), 2012 U.S. Dist. LEXIS 103012, at *15-16 (E.D.N.Y. Feb. 9, 2012) (citing *Zheng*  and rejecting conclusory and unsupported allegations and recommending dismissal of nearly identical allegations as insufficient to show individual defendants were plaintiffs' employer).

In *Wolman*, citing *Carter* and *Zheng,* the court articulated the Second Circuit's "economic realities test" as follows:

> First, courts "examine the degree of formal control exercised over a worker," . . . by considering whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records," *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (internal quotation marks and citation omitted). If a court finds that a putative employer does not exercise formal control over a worker, it must then assess whether the entity "nevertheless exercised functional control over a worker," *Barfield*, 537 F.3d at 143, by considering (1) whether the alleged

7

> employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant, *see Zheng*, 355 F.3d at 72; *Barfield*, 537 F.3d at 143. No one factor is dispositive, and a court is "free to consider any other factors it deems relevant to its assessment of the economic realities." *Zheng*, 355 F.3d at 71-72.

*Wolman*, 853 F. Supp. 2d at 297.

Applying the *Zheng* factors, it is clear that Plaintiffs cannot show that they have an employment relationship with any of the Defendants other than Four Brothers Pizza, Inc. Plaintiffs' sworn deposition testimony demonstrates the following with regard to each specific factor during the relevant time period, Plaintiffs: 1) only worked in Amenia.; 2) sole work location was Amenia; 3) work was specific to the operation of the Amenia restaurant only; 4) inapplicable; 5) none of the managers in any other restaurant had anything to do with Plaintiffs' performance; and 6) predominantly worked in Amenia.

Plaintiffs also attempt to distinguish the other cases cited by Defendants on grounds irrelevant to the proposition for which Defendants cited them.[5] For example Defendants cited *Javier H. v. Garcia Botello*, No. 02-C-523S, 2011 U.S. Dist. LEXIS 10439, at *12 (W.D.N.Y. Sept. 14, 2011), *Cavallaro v. UMass Mem. Health Care, Inc.*, No. 09-40152-FDS, 2013 U.S. Dist. LEXIS 10880, at *10 (D. Mass. Jan. 28, 2013), and *Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541 (D. Nev. 2004) for the proposition that class allegations do not relieve a plaintiff of alleging that he has suffered an injury, fairly traceable to the challenged action of the

---

[5] Similarly, the cases Plaintiffs rely on in their Opposition are distinguishable from this case. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 f.3d 132, (2d Cir. 2008) (finding a hospital a joint employer of nursing assistants from a temp agency because the hospital controlled the nursing assistants schedule and supervised their work in the hospital); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327 (S.D.N.Y. 2005) (finding individual liability where parties stipulated that individual defendant had the power to hire fire, set the plaintiffs' work schedule and wages, and ran the day-to-day activities and no others had such powers).

defendants in order to establish standing to bring his claim.  The distinctions Plaintiffs attempt to make are wholly irrelevant for this proposition.  (Pls. Opp. at 14-16)  Similarly, Defendants cite *Sampson v. Medisys Health network*, No. CV10-1342 (SJF)(ARL), 2012 U.S. Dist. LEXIS 103012, at *15-16 (E.D.N.Y. Feb. 9, 2012) for the proposition that courts have rejected similarly conclusory allegations as insufficient to show individual defendants were plaintiffs' employer.  Again, Plaintiffs' distinction is irrelevant.  (*See* Pls. Opp. at 15-16)

D.   **Hernandez Was an Exempt Agricultural Employee, But Even if Hernandez Was a Non-Exempt Employee, His FLSA Claims are Moot Because He was Paid Minimum Wage and Overtime for All Hours Worked.**

According to Hernandez's own testimony, he was a full-time farm employee for George and William Stefanopoulos, Inc.  (Defs. Mot. at 3)  He worked 40.5 hours caring for the animals and the property—exempt agricultural work.  (*Id.*)  Hernandez qualifies for the agriculture exemption because he engaged in agricultural work and the farm did not use more than five hundred man-days of agricultural labor in any quarter during Hernandez's employment or the calendar year preceding it.  *See* 29 U.S.C. § 213(a)(6); (*see also* The Affidavit of William Stefanopoulos at ¶¶ 2-3, Exhibit 1 of the Affidavit of Tiffany R. Hubbard attached hereto)

Under these circumstances Plaintiffs' argument that Hernandez's part-time non-exempt employment with Four Brothers Pizza, Inc. is non-exempt work that renders the exemption inapplicable is simply wrong.[6]  Hernandez testified that he worked for two different employers.  (*See* Hernandez Dep. at 36:16 – 38:2)  His part-time job at Four Brothers Pizza, Inc.—a separate employer—does not count as non-exempt work for the farm and does not negate the farm laborer exemption.

---

[6] Notably, Plaintiffs do not attempt to address the mootness of Hernandez's FLSA claim or the Plaintiffs lack of standing as to any of the defendants other than Four Brothers Pizza, Inc.  *See Javier H. v. Garcia-Botello*, No. 02-C-523S, 2011 U.S. Dist. LEXIS 104039, at *12 (W.D.N.Y. Sept. 14, 2011) ("without a showing that Plaintiffs worked on the Grower Defendants farms, plaintiffs cannot establish standing," and even if they did work for the Defendants they failed to trace any injury to the Defendants' acts).

Even assuming for arguments sake that the farm and the Amenia restaurant were a single employer, however, Hernandez's FLSA claims would still fail. Based on his sworn testimony, Hernandez was paid minimum wage and overtime at one and one half times his regular rate for all hours worked, regardless of where he was working. Based on his own testimony, he worked 40.5 hours for the farm and up to 24 hours for Four Brothers Pizza, Inc., and was paid a net weekly salary of $575 (or $622 if his portion of FICA/Medicare tax is considered). (Defs. Mot. at 3) Applying either of these net salaries, Hernandez earned more than the minimum wage each week and was paid overtime at one and one-half times his regular rate for all hours worked over forty.[7] Accordingly, Hernandez's FLSA claims are moot, and Plaintiffs have done absolutely nothing to refute this undeniable fact.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint, Defendants respectfully request that this Court dismiss Plaintiffs' Third Amended Complaint in its entirety.

Dated: Hartford, Connecticut
March 31, 2014

                Respectfully submitted,
                MCCARTER & ENGLISH, LLP

                By:   */s/ Pamela J. Moore*
                    Pamela J. Moore (pm1959)
                    Elizabeth M. Smith (es9808)
                    pmoore@mccarter.com
                    esmith@mccarter.com
                    Attorneys for Defendants
                    185 Asylum St., CityPlace I
                    Hartford, CT 06103
                    Tel: 860-275-6714

---

[7] Assuming a net weekly salary of $575, Hernandez earned more than $7.49 per hour and $11.24 per hour for hours over 40. The calculation is as follows: $7.49/hour * 40 hours = $299.60. $11.24/hour * 24.5 hours= $275.26. $299.60 + $275.26 = $574.86. Assuming a net weekly salary of $622, Hernandez earned more than $8.10 per hour and $12.15 per hour for hours over 40. The calculation is as follows: $8.10/hour * 40 hours = $324.00. One and one half times the regular rate of $8.10/hour is $12.15/hour. $12.15/hour * 24.5 hours = $297.68. $324.00 + 297.68 = $621.68. Both of these rates are well over the then-minimum wage rate of $7.25 per hour.

## CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing was filed electronically this 31st day of March, 2014.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

               By: */s/ Pamela J. Moore*
                 Pamela J. Moore (pm1959)